UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JULIE A. SU, *Acting Secretary of Labor*, <br>     Plaintiff, <br><br> vs. <br><br> LORDESS CARE AND MEDTRANS LLC, *et al.*, <br>     Defendants. | Case No. 1:22-cv-765 <br> Barrett, J. <br> Litkovitz, M.J. <br><br><br> **ORDER** |

This matter is before the Court on defendant's motion of representation (Doc. 16) and motion of continuation and to refute all allegations (Doc. 17). Plaintiff filed a response to defendant's motion for continuance (Doc. 18).

**I. Background**

The Secretary of Labor initiated this Fair Labor Standards Act action against two defendants: (1) Lordess Care and Medtrans LLC; and (2) Edwin Jose Ayuketah (whom the complaint identifies as "owner, officer, and manager of the aforementioned company"). (Doc. 1 at PAGEID 1). Ayuketah previously filed a motion of representation in which he identified himself as the "administrator of Lordess Care and Medtrans LLC with limited functions." (Doc. 8 at PAGEID 44). Ayuketah, who is not a licensed attorney, stated that the company's license has been revoked, and he sought to represent both himself and the company in this matter pro se. (*Id.* at PAGEID 44-45). Pursuant to 28 U.S.C. § 1654, the Court permitted Ayuketah to represent himself, but denied his motion to represent defendant Lordess Care and Medtrans LLC. (Doc. 12).

As defendants failed to respond to plaintiff's complaint, the Clerk of Court issued an entry of default against all defendants on March 24, 2023. (Doc. 5). On July 13, 2023, the District Judge conducted a hearing on plaintiff's motion for default judgment. Ayuketah

appeared at that hearing, and he was granted an additional forty-five days to respond to plaintiff's motion for default judgment. Ayuketah filed his opposition to plaintiff's motion on September 14, 2023. (Doc. 10). The undersigned granted Ayuketah's motion to set aside the Clerk's entry of default, ordered Ayuketah to respond to plaintiff's complaint no later than January 2, 2024, and denied without prejudice plaintiff's motion for default judgment against Ayuketah. (Doc. 14).

On December 4, 2023, the District Judge conducted a second hearing on plaintiff's motion for default judgment. (Doc. 13). Neither Ayuketah nor an attorney for Lordess Care and Medtrans LLC appeared at that hearing. On December 12, 2024, the District Judge entered default judgment against defendant Lordess Care and Medtrans LLC in the amount of $221,942. (Doc. 15).

Defendant Ayuketah has now filed a motion of representation (Doc. 16). In this motion, Ayuketah pleads with the Court to set aside the default judgment as to Ayuketah and "deputize" him to serve as defendant Lordess Care and Medtrans LLC's representative. (*Id.* at PAGEID 74).

First, no default judgment has been entered against Ayuketah. The District Judge entered default judgment against Lordess Care and Medtrans LLC only. (Doc. 15). Second, as the Court previously explained, a limited liability company cannot appear in federal court except through a licensed attorney. (Doc. 12 at PAGEID 55-56) (citing *Doherty v. American Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984), *Rowland v. California Men's Colony, Unit 11 Men's Advisory Council*, 506 U.S. 194, 201-02 (1993), *S.E.C. v. Merklinger*, 489 F. App'x 937, 939 (6th Cir. 2012), and *Basaran v. Martin Data, LLC*, No. 2:21-cv-4230, 2021 WL 7908557, at *1 (S.D. Ohio Oct. 1, 2021)). As Ayuketah is not a licensed attorney, he cannot represent defendant

2

Lordess Care and Medtrans LLC in federal court. Therefore, defendant's motion of representation will be denied.

Defendant Ayuketah next filed a motion of continuation and to refute all allegations (Doc. 17). In this motion, Ayuketah states that he no longer wishes to represent himself in this matter, but he has not hired an attorney. He further states that he is "here today to refute all allegations filed against me by the Dept. of Labor." (Doc. 17 at PAGEID 75). Although the time to respond to plaintiff's complaint has expired, the Court will construe Ayuketah's motion as one for an extension of time to respond to the Department of Labor's complaint. The Court will allow Ayuketah one final opportunity to respond to plaintiff's complaint pursuant to Rules 8(b) and 12 of the Federal Rules of Civil Procedure. Ayuketah is instructed to familiarize himself with the Federal Rules of Civil Procedure. In addition, a handbook for those representing themselves in federal court, a glossary of legal terms, and other useful information is available at https://www.ohsd.uscourts.gov under the tab marked "Representing Yourself."

**IT IS THEREFORE ORDERED THAT:**

1. Defendant Ayuketah's motion of representation (Doc. 16) is **DENIED**.

2. Defendant Ayuketah's motion of continuation (Doc. 17), which the Court construes as a motion to extend time to respond to plaintiff's complaint against Ayuketah, will be **GRANTED**. Ayuketah must file an answer or other appropriate responsive pleading that complies with Rules 8(b) and/or 12 of the Federal Rules of Civil Procedure **no later than MAY 25, 2024**.

**IT IS SO ORDERED**.

Date: 4/25/2024

Karen L. Litkovitz
United States Magistrate Judge